FILED
SNP

02 JUN -3 AM 11:46

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENE FAUTEUX and ROLLANDE
FAUTEUX,

    Plaintiffs,

vs.

CASE NO: 8:02-CV-966-T-27TGW

DONALD GREENBAUM, LEGG MASON
WOOD WALKER, INC., a Maryland
corporation, and AMERICAN
CENTURY INVESTMENT SERVICES,
INC., d/b/a AMERICAN CENTURY
INVESTMENTS, a Missouri
corporation,

    Defendants.
_____/

## COMPLAINT

The Plaintiffs, RENE FAUTEUX and ROLLANDE FAUTEUX, (hereinafter referred to collectively as FAUTEUX), sue the Defendants, DONALD GREENBAUM, (hereinafter referred to as GREENBAUM), LEGG MASON WOOD WALKER, INC., a Maryland corporation, (hereinafter referred to as LEGG MASON), AMERICAN CENTURY INVESTMENT SERVICES, INC., d/b/a AMERICAN CENTURY INVESTMENTS, a Missouri corporation, (hereinafter referred to as AMERICAN CENTURY), and alleges:

1. This is an action for attachment and appointment of a receiver in which the claim exceeds $450,000 in monetary value, exclusive of attorneys fees and costs.

### The Parties

2. The Plaintiffs, FAUTEUX, are residents and citizens of Litchfield, New Hampshire.

3. The Defendant, GREENBAUM, is a resident of Siesta Key, Sarasota County, Florida.

4. The Defendant, LEGG MASON, is a Maryland corporation authorized to do business in the State of Florida.



TO160647
$150.00

/

5. The Defendant, LEGG MASON, is a disinterested stakeholder and brokerage firm holding various securities and funds in Account No. 384-02787 for and on behalf of Zeabrook Associates, a New Hampshire Limited Partnership.

6. The Defendant, AMERICAN CENTURY, is a Missouri corporation, doing business in the State of Missouri, and conducting a business in the State of Florida through the solicitation of sales of its mutual funds.

7. The Defendant, AMERICAN CENTURY, is a disinterested stakeholder and brokerage firm holding various securities and funds for and on behalf of Zeabrook Associates in Account No. 042-000037843.

## Jurisdiction and Venue

8. Jurisdiction is conferred upon the Court by 28 U.S.C. Sec. 1332, based upon complete diversity of citizenship, and the amount in controversy exceeds $75,000.

9. Venue lies under 28 U.S.C. 1391 and this cause resides in the Tampa Division of this Court under Rules 1.02(b)(4) and 1.02(c) of the General Rules of the United States District Court for the Middle District of Florida.

## General Allegations

10. In July, 1972, the parties, with others, formed Zeabrook Associates, (Zeabrook), a New Hampshire limited partnership, located at 624 Sargent Road, Manchester, New Hampshire, for the purpose of developing real estate in Seabrook, New Hampshire.

11. The parties were jointly engaged in real estate development through Zeabrook until July 17, 1986. At that time, the Plaintiffs and the Defendant entered into an Agreement whereby the Plaintiffs terminated their stockholding and partnership interests in Zeabrook. In return, the Defendant agreed to pay the Plaintiff, RENE FAUTEUX, $700,000 for his interest in the partnership and to pay the Plaintiff, ROLLANDE FAUTEUX, $150,000 for her interest in the partnership. A payment schedule was outlined in the Agreement. A copy of the Agreement is attached hereto as Exhibit "A" and incorporated by reference herein.

12. At the request of the Defendant, GREENBAUM, the parties agreed to a series of extensions of time for the Defendant to make payments.

13. Despite repeated acknowledgment of the debt to the Plaintiffs and repeated promises to pay, the principal amount still due and owing to the Plaintiffs pursuant to the agreement is $473,000.00 plus interest at 6% per annum.

14. On or about February 1, 1999, the partnership, Zeabrook, sold its major asset, real estate located in New Hampshire, for the sum of $5,200,000, without paying off the debt to the Plaintiff.

15. All the remaining assets of Zeabrook are located in the State of Florida and the Defendant resides in the State of Florida.

16. The assets of Zeabrook are supposed to be used to satisfy the debt of the Defendant to the Plaintiffs.

17. There is presently pending in the United States District Court for the District of New Hampshire, an action styled: **Rene Fauteux and Rollande Fauteux v. Donald Greenbaum, Case No: C-02-43-B**. The New Hampshire action asserts a claim for breach of contract and seeks a judgment in the amount of $473,000 plus 6% interest per annum. A copy of the Complaint is attached hereto as Exhibit "B" and incorporated by reference herein.

## COUNT I - ATTACHMENT AGAINST GREENBAUM

18. The Plaintiffs adopt and reallege the allegations contained in Paragraphs 1 through 17, incorporate them by reference herein, and further allege:

19. The Plaintiffs are actual and present creditors of the Defendant within the meaning of Chapter 76, Fla. Stat.

20. The Plaintiffs have a good faith belief that the Defendant will fraudulently part with his assets or the assets of Zeabrook before a judgment can be obtained against him in the New Hampshire action.

21. The Defendant has moved his property and the property of Zeabrook out of the State of New Hampshire and into the State of Florida.

WHEREFORE, the Plaintiffs demand prejudgment attachment of the assets of the Defendant, GREENBAUM.

## COUNT II - ATTACHMENT AND APPOINTMENT OF RECEIVER AGAINST GREENBAUM AND LEGG MASON

22. The Plaintiffs readopt and reallege the allegations contained in Paragraphs 1 through 17, incorporate them by reference herein, and further allege:

23. Upon information and belief, the Defendant, GREENBAUM, has unilateral authority to withdraw and liquidate funds from the account the Defendant, LEGG MASON, has for and on behalf of Zeabrook.

24. The Plaintiffs have a good faith belief that the Defendant, GREENBAUM, will attempt to liquidate and dissipate and hide the funds or assets of the existing account with the Defendant, LEGG MASON, to the detriment of the Plaintiffs.

25. The Plaintiffs have no adequate remedy at law to forestall such action and the irreparable harm that will result to the Plaintiffs.

WHEREFORE, the Plaintiffs request the following relief against the Defendants, GREENBAUM and LEGG MASON:

A. An Order from the Court temporarily and permanently enjoining and restraining the Defendant, GREENBAUM, from withdrawing funds from the LEGG MASON account until further Court Order or resolution of this case;

B. An Order from the Court enjoining and restraining the Defendant, LEGG MASON, from permitting any withdrawal of funds from the aforedescribed account until further Court Order or resolution of this case;

C. An Order from the Court appointing a Receiver with the power and the duty to collect, hold and liquidate, if necessary, said account and thereafter to distribute same to the Plaintiffs to satisfy the subject debt;

D. Costs incurred by the Plaintiffs for the maintenance of this suit;

E. Such further relief as this Court deems just and proper.

## COUNT III - ATTACHMENT AND APPOINTMENT OF RECEIVER AGAINST GREENBAUM AND AMERICAN CENTURY

26. The Plaintiffs readopt and reallege the allegations contained in Paragraphs 1 through 17, incorporate them by reference herein, and further allege:

27. Upon information and belief, the Defendant, GREENBAUM, has unilateral authority to withdraw and liquidate funds from the account the Defendant, AMERICAN CENTURY, has for and on behalf of Zeabrook.

28. The Plaintiffs have a good faith belief that the Defendant, GREENBAUM, will attempt to liquidate and dissipate and hide the funds or assets of the existing account with the Defendant, AMERICAN CENTURY, to the detriment of the Plaintiffs.

29. The Plaintiffs have no adequate remedy at law to forestall such action and the irreparable harm that will result to the Plaintiffs.

WHEREFORE, the Plaintiffs request the following relief against the Defendants, GREENBAUM and AMERICAN CENTURY:

A. An Order from the Court temporarily and permanently enjoining and restraining the Defendant, GREENBAUM, from withdrawing funds from the AMERICAN CENTURY account until further Court Order or resolution of this case;

B. An Order from the Court enjoining and restraining the Defendant, AMERICAN CENTURY, from permitting any withdrawal of funds from the aforedescribed account until further Court Order or resolution of this case;

C. An Order from the Court appointing a Receiver with the power and the duty to collect, hold and liquidate, if necessary, said account and thereafter to distribute same to the Plaintiffs to satisfy the subject debt;

D. Costs incurred by the Plaintiffs for the maintenance of this suit;

E. Such further relief as this Court deems just and proper.

STATE OF NEW HAMPSHIRE

COUNTY OF Rockingham

BEFORE ME, the undersigned authority, personally appeared, RENE FAUTEUX and ROLLANDE FAUTEUX, who are personally known to me and who under oath state that the facts and circumstances alleged in the above and foregoing Complaint are true and correct to their best belief and knowledge.

WITNESS my hand and official seal this 30 day of May, 2002.

_____
RENE FAUTEUX

_____
ROLLANDE FAUTEUX

_____
Notary Public

My Commission Expires:

SUSAN J. LEWIS, Notary Public
My Commission Expires August 23, 2005

_____
Harry W. Haskins
Fla. Bar No: 229652
3400 S. Tamiami Trail
Suite 201
Sarasota, Florida 34239
(941) 366-1388
ATTORNEY FOR PLAINTIFFS

AGREEMENT made this 17th day of July, 1986, by DONALD GREENBAUM of Braintree, Massachusetts (hereinafter referred to as Greenbaum), RENE FAUTEUX of Hudson, New Hampshire (hereinafter referred to as Fauteux), and MRS. ROLLANDE FAUTEUX of Hudson, New Hampshire (hereinafter referred to as Mrs. Fauteux).

## WITNESS

WHEREAS Greenbaum and Fauteux are the sole stockholders of Nashua-Boston Development Corporation with each owning 100 shares of no par value voting common stock; and

WHEREAS Greenbaum and Fauteux are the general partners of Hampton Court Associates, a Massachusetts limited partnership with an equal interest in profits and losses and Greenbaum is also a limited partner thereof; and

WHEREAS Hampton Court Associates owned the land and a multi-family structure in Randolph, Massachusetts, which has been converted to condominiums which have sold; and

WHEREAS Greenbaum and Fauteux are equal general partners in Zeabrook Associates, a New Hampshire limited partnership each owning a 38 1/2 percent interest in profits and losses; and

WHEREAS Mrs. Fauteux is a limited partner of Zeabrook Associates, holding an 11 1/2 percent interest in profits and losses; and

EXHIBIT A

- 2 -

WHEREAS Greenbaum and Fauteux were equal stockholders in R & F Construction Company, Inc., a New Hampshire corporation, the charter of which has been cancelled; and

WHEREAS Greenbaum and Fauteux are informed and fully aware of the assets of each of the foregoing entities and the liabilities and contingent liabilities of each; and

WHEREAS it is the mutual agreement of Greenbaum and Fauteux that the stockholding and partnership interests of Fauteux be terminated.

THEREFORE, the parties agree as follows:

1. Fauteux shall forthwith resign all positions he holds as an officer and director of any of the above corporations, effective forthwith.

2. Greenbaum shall pay Fauteux $245,000.00 for the complete purchase of the 100 shares Fauteux owns of Nashua-Boston Development Corporation, and Fauteux shall transfer said shares to Greenbaum forthwith. Fauteux warrants that the said shares shall be free and clear of any lien or claim of any other person thereto.

3. The value of Fauteux's interest as a general partner of Hampton Court Associates is agreed to be $155,000.00, a sum which reflects a deferred method of payment. After the existing mortgage upon the condominium has been fully paid, Fauteux shall be paid one-half (1/2) of the net sales proceeds to a maximum total payment of $155,000.00.

- 3 -

4. Fauteux shall forthwith retire as a general partner of Zeabrook Associates by transferring to Greenbaum all his interest both as a general partner and as a limited partner in same. Fauteux agrees to execute all documents requested by Greenbaum to accomplish same. The agreed value of his interest in the partnership is $700,000.00. Fauteux shall have no other interest in the undertakings and property nor any responsibility for the debts and obligations of the partnership nor any authority to act therefor, whenever accrued or acquired. The interest of Mrs. Fauteux shall be purchased for $150,000.00.

5. R & F Construction Co., Inc. or its stockholders holds certain property and has certain contingent obligations which are assets and obligations of Greenbaum and Fauteux as stockholders. Fauteux assigns Greenbaum full use of and title to the property free of any claim therein, and assigns and transfers to Greenbaum all Fauteux's right, title and interest in the stock in said corporation. Greenbaum agrees to and does indemnify and save Fauteux harmless from any claim or demand made upon Fauteux as a stockholder of the corporation or holder of any of the property.

6. Greenbaum indemnifies and saves Fauteux harmless from the claims and demands of all persons or entities made in connection with Fauteux's position as officer, director or partner in connection with the above organizations.

*Attention to Fred Cirumpa*

- 4 -

7. Payment to Fauteux of the aforesaid shall be on the following schedule and terms:

a. ~~$~~$60,000 upon execution of this agreement; ~~and~~
~~$65,000 upon execution of the documents called for herein;~~ $40,000 on or before August 1, 1986;

b. It is agreed that ~~$15,000 in or within thirty (30) days of date but not before the execution of the documents called for herein;~~ $10,000 ha~~ving~~ *s* been previously received on January 29, 1986;

c. $1~~1~~25,000 on or before December 31, 1986 with interest hereafter at the rate of six (6%) percent;

d. $225,000 on or before January 10, 1987 with interest hereafter at the rate of six (6%) percent;

e. $400,000 on or before December 31, 1987 with interest hereafter at the rate of six (6%) percent;

f. $250,000, plus $150,000 to Mrs. Fauteux, on or before December 31, 1988 with interest hereafter at the rate of six (6%) percent; and

g. There is no prepayment penalty.

8. The transfers and assignments to Greenbaum in paragraphs 2, 4 and 5 above shall be made by transferring and assigning said documents to David M. Shaw, Esq. of Braintree, Massachusetts, who shall hold same in escrow pending payment of all sums referred to in paragraph 7 above, with said escrow agent voting and exercising all rights under said documents to assist in the ongoing operations of the subject entities and to convey the interest held thereunder to Greenbaum or his estate upon the payment as aforesaid.

- 4 -

7. Payment Fauteux of the aforesaid shall be on the following schedule and terms:

a. $60 1) upon execution of this agreement; and 1) upon execution of the documents called for herein; $40,000 on or before August 1, 1986;

b. $15, agreed that within thirty (30) days of date before the execution of the documents called for herein; $10,000 having been previously received on January 29, 1986;

c. $115,000 on or before December 31, 1986 with interest hereafter at the rate of six (6%) percent;

d. $220,000 on or before January 10, 1987 with interest hereafter at the rate of six (6%) percent;

e. $400,000 on or before December 31, 1987 with interest hereafter at the rate of six (6%) percent;

f. $250,000, plus $150,000 to Mrs. Fauteux, on or after December 31, 1988 with interest hereafter at the rate of six (6%) percent; and

g. There is no prepayment penalty.

8. The transfers and assignments to Greenbaum in paragraphs 2, 4 and 5 above shall be made by transferring and assigning said documents to David M. Shaw, Esq. of Braintree, Massachusetts, who shall hold same in escrow pending payment of all sums referred to in paragraph 7 above, with said escrow agent voting and exercising all rights under said documents to assist in the ongoing operations of the subject entities and to convey the interest held thereunder to Greenbaum or his estate upon the payment as aforesaid.

9. Greenbaum indemnifies and saves David M. Shaw, Esq. harmless from the claims and demands of all persons or entities in connection with any action related to this agreement and will defend him with regard to same.

WITNESS our hands and seals on the date first above written.

_____
Rene Fauteux

_____
Rollande Fauteux


Norfolk, ss.                                                July 17 1986

Then personally appeared the above-named Rene Fauteux and Rollande Fauteux and acknowledged the foregoing to be their free acts and deeds, before me,

_____
Notary Public

My commission expires: January 30, 1987

_____
Donald Greenbaum

Commonwealth of Massachusetts

Norfolk, ss.                                                July 17, 1986

Then personally appeared the above-named Donald Greenbaum and acknowledged the foregoing to be his free act and deed, before me,

_____
Notary Public

My commission expires: January 30, 1987

- 6 -

I agree to act as escrow agent on the above terms and conditions.

_____ 7/1/71
David M. Shaw, Esq.

UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RENE FAUTEUX <br> AND <br> ROLLANDE FAUTEUX, <br>     PLAINTIFFS <br><br> V. <br><br> DONALD GREENBAUM, <br>     DEFENDANT | CIVIL ACTION NO. |

## COMPLAINT

NOW COME the plaintiffs, Rene Fauteux and Rollande Fauteux, and complain against the defendant, Donald Greenbaum, and say:

1. The plaintiffs are husband and wife, having a residence at 28 Louise Drive, Litchfield, New Hampshire.

2. The defendant resides at 9058 Midnight Pass Rd., Unit #5, Siesta Key, Sarasota, Florida.

3. In July, 1972 the parties, with others, formed Zeabrook Associates, (Zeabrook) a New Hampshire limited partnership, located at 624 Sargent Road, Manchester, New Hampshire, for the purpose of developing real estate in Seabrook, New Hampshire.

4. The parties were jointly engaged in real estate development through Zeabrook Associates until July 17, 1986. At that time, the defendant purchased plaintiffs' respective interests in Zeabrook for $850,000.00. The purchase was evidenced by a written agreement which required the escrow of plaintiffs' assignment of interest pending payment of the purchase


EXHIBIT B

1

price.

5. This Court has diversity jurisdiction pursuant to 28 USC 1332 and the amount in controversy exceeds $75,000.

6. The agreement called for a series of installment payments with the final installment due on or before December 31, 1988, and interest on the unpaid balance payable at the rate of six (6%) per annum.

7. At the request of the defendant, the parties agreed to a series of extensions of time for the defendant to make payments. The last payment made, in the amount of $10,000.00, was received by the plaintiffs in January 1993. Thereafter the defendant has repeatedly acknowledged the debt and has reiterated his promise to pay. The principal amount due, as of the date hereof, is $473,000.00, plus interest at 6% on the unpaid balance.

8. In 1994, the defendant visited the Fauteux' in their home. He acknowledged the debt and made an unequivocal new promise to pay the debt to the plaintiffs.

9. In 1995 and 1996, the defendant spoke to the plaintiffs several times on the telephone. In those conversations he acknowledged the debt and made unequivocal new promises to pay the debt to the plaintiffs.

10. In 1997, the defendant was a dinner guest of the Fauteux' at their home. He again acknowledged the debt and made an unequivocal new promise to pay the debt to the plaintiffs.

11. The defendant and Rene Fauteux met in Laconia in 1998. They had lunch together and looked at a house lot in Buzzard's Bay, New Hampshire. The defendant offered the lot to Mr. Fauteux in partial payment of the debt. Mr. Fauteux was not interested in this offer of land in lieu of cash payment. The defendant acknowledged the debt and unequivocally promised anew to

2

repay it.

12. In 1999, the parties met and went out to dinner in Englewood, Florida. The defendant again acknowledged the debt and made an unequivocal new promise to pay the debt to the plaintiffs.

13. Further, in the year 2000, the defendant met with both plaintiffs at their Florida home and then went to dinner at the Rum Bay Restaurant in Cape Haze, Florida. The defendant again acknowledged the debt and made an unequivocal new promise to pay the debt to the plaintiffs.

14. In 2001, the parties met at the Key West Grill in Venice, Florida. The defendant again acknowledged his debt to the plaintiffs and again made an unequivocal new promise to pay the debt.

15. The real estate underlying this transaction was sold by Zeabrook Associates on January 29, 1999, for $5,200,000.

## COUNT I

16. The plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 15 as if repeated in full herein.

17. The defendant is in breach of the original Agreement wherein he agreed to pay the plaintiffs the principal amount of $850,000 plus interest.

18. The defendant has repeatedly acknowledged and unequivocally reaffirmed the debt and made new promises to repay it. He is in breach of his acknowledgment and new promises to pay the debt.

WHEREFORE, the plaintiffs respectfully pray that this Honorable Court:

Enter judgment against the defendant in favor of the plaintiffs, Rene and Rollande Fauteux in the amount of $473,000.00 plus six percent per annum interest.

> Respectfully submitted,
> Rene Fauteux
> and
> Rollande Fauteux

Date: January 28, 2002    By: *Richard A. Mitchell*
Richard A. Mitchell
NH Bar No. 1777
141 Main Street
Nashua, NH 03060-2739
(603) 882-9716

4